(90 Misc. Rep. 297)

## MARAGLINO v. COMES et al.

(Supreme Court, Appellate Term, First Department.　May 26, 1915.)

1. MASTER AND SERVANT ☞114—INJURIES TO SERVANT—WAYS.

Labor Law (Consol. Laws, c. 31) § 200, requires an employer to provide safe ways, works, and machinery or plant connected with or used in the business.　A contractor, having completed the walls for one floor, removed the planks on that floor to the floor above.　A servant was commanded to lay his shovel in a room on the lower floor upon which no work was being done.　*Held,* that plaintiff was not conducting any business on that floor, and under no obligation to maintain any way in connection with its business in that place, and the servant, having been precipitated into the basement when a board on which he stepped tipped, cannot recover.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 179, 200; Dec. Dig. ☞114.]

2. CONTRACTS ☞186—RIGHTS OF THIRD PERSONS.

In a personal injury action against a contractor and owner, brought by a servant of the contractor, evidence that the contract required the contractor to save the owner harmless from personal injury actions is not admissible.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 790–797; Dec. Dig. ☞186.]

3. TRIAL ☞127—CONDUCT—INJURIES TO SERVANT—REFERENCE TO PROTECTION BY INSURANCE.

In a personal injury action against a contractor, reference should not be made to an employer's liability policy.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 275; Dec. Dig. ☞127.]

Appeal from City Court of New York, Trial Term.

Action by Michael Maraglino against Peter Comes and another. From a judgment for plaintiff for $1,282.87, and an order denying new trial, the named defendant appeals.　Reversed and remanded.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

James B. Henney, of New York City (Floyd K. Diefendorf, of New York City, of counsel), for appellant.

Milton Speiser, of New York City (Sidney L. Teven, of New York City, of counsel), for respondent.

HENDRICK, J.　The action is brought by a laborer who alleges that he was injured by falling through the first floor into the basement of a building then in the course of construction, and that he had served the notice prescribed by the Labor Law.

Plaintiff testified that at 3 o'clock on November 14, 1912, he was ordered by defendant's foreman to cease work and to take his tools out of the building.　That statement was repeated three times.　He also stated, in reply to leading questions, that he was ordered to take the tools into the front room of the building, and also into the front room on the right-hand side.　Defendant objected to these particular questions on the ground that they were leading, and moved for a dismissal of the complaint at the close of plaintiff's evidence and at the

close of the case. He now assigns for error that the verdict is against the weight of evidence. As a question of fact I think that the verdict is sustained by plaintiff's testimony. He was contradicted by the foreman, and some of his statements are open to criticism; but the witness gave his testimony in an intelligent manner, the charge was clear and satisfactory, and the judgment of the jurors must be respected.

[1] Defendant makes the further claim that the plaintiff's testimony absolved defendant from the charge of negligence as a matter of law. That question requires a close examination of the facts. One Louis E. Kleban, as owner, entered into several contracts for the erection of two buildings joined by party walls. The contract for the brickwork was let to the defendant Comes. He employed plaintiff as one of several laborers to wheel brick and mortar into the basement of the southerly building, from where it was elevated to the different floors, as the walls rose, and wheeled to the places needed in both buildings. When they were laying brick on the first floor, the flooring of planks was laid. When they were laying brick on the second story, the planks were removed up to the floor above, and so on. At the time of the accident the third story was completed, and work by the masons was suspended until the carpenters should lay the third floor beams. It thus appears the first floor, so far as defendant was concerned, had been completed for some days, and all of the planks had been removed for use on the upper stories; but one of the contractors had placed a boiler in the basement of the northerly building, and some one had placed three planks on the floor beams just above it. Whether these planks were placed for the protection of the boiler, or as a temporary walk, or by whom, does not appear from the evidence. Plaintiff testified that at quitting time during the two weeks of his employment he had asked the foreman where he should place his shovel, and had received directions. Whether the place differed from day to day does not appear. On the day in question, the place selected was not in the southerly building, where plaintiff was employed, but on the first floor of the northerly building, where he was not employed, and where defendant's contract had been completed some days before. Plaintiff obeyed, however, and as he entered into the room from the hallway he stepped upon the end of one of the planks, which tipped up and let him fall upon the boiler below.

Section 200 of the Labor Law requires an employer to provide "safe ways, works and machinery or plant connected with or used in the business." I am of opinion that when plaintiff fell defendant was not conducting any business on that floor, and that he was under no obligation to maintain any "way" in connection with any business at the place. I find no other provision of the Labor Law which renders defendant liable for directing an employé to deposit a shovel in a room without a floor, which all employés were bound to know was no longer the scene of their labors. Nor do I find any common-law principle under which liability can attach. Defendant was not liable for failure to maintain a flooring over the basement, and, under the orders given, plaintiff was under no obligation to enter a room without a flooring. If he had placed the shovel near the door, he would have complied with the order and rendered entrance into the room unnecessary.

[2] Defendant complains of a ruling on the admission of evidence, and if there was error I think it was prejudicial. The question for the jury was whether plaintiff was injured by defendant's negligent omission of a duty which he owed to plaintiff. That duty arose out of the common law or out of the Labor Law. It could not be imputed from the violation of any duty which defendant owed to the owner. Plaintiff, however, was permitted, over objection and exception, to introduce a part of the contract between the defendant and the owner, from which the following is an extract:

"Sixth. The contractor shall be solely responsible for any injury or damage sustained by any and all person or persons or property during or subsequent to the progress and completion of the work hereby agreed upon, from or by any act or default of said contractor, and shall be responsible to the owner for all costs and damages which said owner may legally incur by reason of such injury or damage."

I think that a body of men unaccustomed to analysis of legal documents might very easily obtain the impression from hearing that sentence read that the defendant was liable for the injury suffered by the plaintiff, and I am of opinion that it was not admissible for any purpose. Plaintiff was not a party to that contract, nor in privity with any party.

[3] Defendant also argued that the court committed error in refusing to charge that defendant was under no duty to keep the first floor planked. The court left this question of law to the jury to determine. By reading sections 2 and 4 of the contract, I think the construction of the contract, if admissible under any theory, was a question for the court. Plaintiff spoke of defendant as "the contractor," knew his name, and had no occasion to say to the jury that "the company sent for me four times," and "I told him the company did not want to pay me." Standing alone, such possible references to an insurance company standing behind the defendant may not require a new trial, but in the new trial which should be ordered such expressions should be avoided.

Judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.